[662 NYS2d 56]

In the Matter of JOHN J. NAPOLITANO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 28, 1997

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Robert J. Saltzman* of counsel), for petitioner.

*Jerome Karp, P. C.,* Brooklyn, for respondent.

### OPINION OF THE COURT

Per Curiam.

The petition contains six charges of professional misconduct against the respondent. After a hearing, the Special Referee

sustained all of the charges except Charge Six. The Grievance Committee now moves to confirm the report of the Special Referee. The respondent cross-moves to disaffirm the report of the Special Referee insofar as it sustains Charges One through Five and to confirm the report insofar as it fails to sustain Charge Six.

The following factual allegations pertain to Charges One through Three:

In or about November 1986, the respondent prepared the last will and testament of Michael Sliwa. It bequeathed the entire estate of Mr. Sliwa to Corey Romanowski and appointed Mr. Romanowski as the executor of Mr. Sliwa's estate. It also appointed the law firm of Napolitano & Napolitano, of which the respondent was a partner, to handle all legal matters concerning the probate of the will and all tax matters related to the estate.

After Mr. Sliwa's death in 1987, the respondent contacted Mr. Romanowski and asked him to come into the respondent's office. The respondent failed to inform Mr. Romanowski that, despite the provisions of the will, he had the right to retain other counsel. In retaining the respondent's law firm as the estate's attorney, the respondent informed Mr. Romanowski that his fee was ordinarily set by the Surrogate's Court, Queens County, at approximately 7% of the value of the estate. Mr. Romanowski did not enter into a written fee agreement with the respondent or his law firm.

In or about October 1991, in order to secure his demanded fee of $18,000 (which included 7% of the property passing outside of the estate), the respondent sought and obtained a lien of $11,719 on the estate's property.

In or about August of 1994, the respondent, claiming that his fee was now $200 per hour, prepared an affirmation for the Surrogate's Court, Queens County, seeking fees in excess of $25,000. In seeking payment of the aforementioned fees, the respondent submitted an affirmation of time purportedly spent on the Sliwa estate. It contained numerous improper, inaccurate, and excessive entries including, *inter alia*, 230 minutes ($765.90) for time spent responding to Mr. Romanowski's complaint to the Grievance Committee and 15 minutes ($49.95) for dropping off a check, payable to the respondent, in the amount of $5,000 for billed legal services.

Charge One alleged that, by reason of the aforementioned factual allegations, the respondent engaged in conduct involv-

ing fraud, dishonesty, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Two alleged that, by reason of the aforementioned factual allegations, the respondent engaged in conduct that adversely reflected on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Three alleged that, by reason of the aforementioned factual allegations, the respondent attempted to collect an illegal or excessive fee, in violation of Code of Professional Responsibility DR 2-106 (22 NYCRR 1200.11).

The following factual allegations pertain to Charges Four and Five:

In or about 1988, the respondent was retained by John P. Brady to represent him in connection with a matrimonial matter. No written fee agreement was entered into. After making payments to the respondent in excess of $14,000 for legal services purportedly rendered, Mr. Brady sought an explanation of the fees charged. The respondent failed to provide Mr. Brady with an explanation or an accounting of the fees charged until after he filed a complaint against the respondent with the Grievance Committee.

In his written response to Mr. Brady's complaint, the respondent included a list of services rendered, claiming that his billable hours amounted to $18,716.66. It contained numerous entries that were false and inaccurate, resulting in excessive fees being charged.

Charge Four alleged that, by reason of the aforementioned factual allegations, the respondent has engaged in conduct involving fraud, dishonesty, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Five alleged that, by reason of the aforementioned factual allegations, the respondent has engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

In view of the documentary evidence submitted by the Grievance Committee and the testimony adduced at the hearing, the Special Referee properly sustained Charges One through Five. Thus, the Grievance Committee's motion to confirm the report of the Special Referee is granted. The branch of the respon-

dent's motion which is to confirm the report insofar as it fails to sustain Charge Six is granted, and the motion is otherwise denied.

The respondent's prior disciplinary history includes three letters of caution and an admonition. In October 1978, the respondent received a letter of admonition for neglecting a legal matter entrusted to him. In October 1987 and January 1989, the respondent received letters of caution for representing differing interests. In December 1990, the respondent received another letter of caution for charging or collecting an excessive fee.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider his *pro bono* services to the residents of the neighborhood surrounding his office and character letters from three Justices of the Supreme Court, Queens County, attorneys, former clients, and the pastor of his church. The respondent also asks the Court to consider that he never intended to harm any of his clients. The respondent assures the Court that, in accordance with the new rules applicable to matrimonial matters, he now uses written retainer agreements and detailed time sheets.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of one year.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the branch of the respondent's motion which is to confirm the report of the Special Referee insofar as it fails to sustain Charge Six is granted, and the motion is otherwise denied; and it is further,

Ordered that the respondent, John J. Napolitano, is suspended from the practice of law for a period of one year, commencing August 28, 1997, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, John J. Napolitano, shall continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.